IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,965-04






EX PARTE SAMUEL RICHMOND WALKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 943669 IN THE 351ST DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to forty-five years' imprisonment. The Fourteenth Court of Appeals affirmed
his conviction. Walker v. State, No. 14-07-00461-CR (Tex. App.--Houston [14th Dist.] 2008, pet.
ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to call John Castillo, Bruce Mills, Gabriel Captain, and Norvala Ramos. The trial
court made findings of fact and conclusions of law and recommended that we deny relief. We
believe that the record is not sufficient to resolve Applicant's claim. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to
respond to Applicant's claim that counsel failed to call the above witnesses. In his response, trial
counsel shall state whether he investigated these witnesses and why they were not called at trial. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 19, 2012

Do not publish